(No. 87-CC-3481-)

XEROX CORP., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 17, 1989.*

FALLS & SAMIS, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

Claimant, Xerox Corporation, brought this claim against the Respondent's Teachers' Retirement System seeking $409.36 for final billings for copies made on traded copiers. Claimant filed a standard lapsed appropriation form complaint alleging that it made demand for payment to the Teachers' Retirement System, but that the demand was refused on the grounds that the funds appropriated for payment of the bill had lapsed. The Teachers' Retirement System disputed the claim in part. The parties then filed a joint stipulation agreeing to the entry of an award in the reduced amount of $233.36. That stipulation is now before us.

This Court is not bound by such stipulations. The one at bar raises an issue that should be addressed. The stipulation was based on a report compiled by the Teachers' Retirement System. The report was offered as *prima facie* evidence of the facts contained therein pursuant to Section 790.140 of the rules of this Court 74 Ill. Adm. Code 790.140). At items 8 and 9 of the report, the Teachers' Retirement System explained that its operating funds were not appropriated and the fund from which the bill should be paid, 473-59301-1910-00-99, is a non-appropriated account. For that reason, the monies could not have lapsed as Claimant alleged.

Further, in the usual lapsed appropriation claim where an award is entered, the payment of the award is made with funds on hand appropriated to the Court for such purposes or, if the Court does not have the correct fund on hand, paid with funds appropriated by the General Assembly specifically for the award. For the Court to pay an award in this case would be improper from the State's fiscal accounting perspective.

For those reasons, the Teachers' Retirement System should pay the agreed award. We take judicial notice that this claim is for the fiscal year 1986 obligation and that, although the funds do not lapse, the expenditure authority of the Teachers' Retirement System for that fiscal year expired on September 30, 1986. Without an order from this Court, the payment cannot be made.

Accordingly, it is hereby ordered that the joint stipulation is approved, that the Claimant is awarded $233.36, and that the Teachers' Retirement System is to pay the award.